**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JESUS ANTONIO MARCOS, | Nos. 12-74000 |
|  | 13-71437 |
| Petitioner, |  |
|  | Agency No. A072-691-028 |
| v. |  |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued March 16, 2016 Submitted October 17, 2016
San Francisco, California

Before:  BYBEE and N.R. SMITH, Circuit Judges, and KORMAN,[**] District
Judge.

Marcos petitions this court for review of the Board of Immigration Appeals'

("BIA") decisions denying his applications for asylum, withholding of removal,

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

and relief under the Convention Against Torture as well as his motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Marcos is not eligible for asylum because he has not proved that he is unable or unwilling to return to his country of origin because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i). Persecution is an "extreme concept" involving "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (first quoting *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995); and then quoting *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998)). However, Marcos failed to demonstrate either past persecution or a well-founded fear of future persecution. He did not prove that he was targeted by a guerilla group on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482–83 (1992); *Pedro-Mateo v. INS*, 224 F.3d 1147, 1151 (9th Cir. 2000). Moreover, his fears of future persecution are not well founded or related to a protected ground. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011). Therefore, the evidence does not "*compel*[] the conclusion that the [BIA's] asylum decision was incorrect." *Gu*, 454 F.3d at 1018.

Because the standard for withholding removal presents a higher burden of proof than that required for asylum, Marcos failed to satisfy this standard as well. *See Ahmed v. Keisler*, 504 F.3d 1183, 1199 (9th Cir. 2007). Nor has Antonio established it is "more likely than not" that he will be tortured if removed to Guatemala, given that he presented only vague, speculative evidence that guerilla kidnappees might be harmed in Guatemala. 8 C.F.R. § 1208.16(c)(2).

Moreover, the BIA did not abuse its discretion in refusing to reopen the proceedings because Marcos failed to establish an "exceptional and extremely unusual hardship." Not only is Marcos's daughter's disability only "moderate" but also Marcos has failed to support his assertion that it would be an "exceptional and extremely unusual hardship" if she has to return to Guatemala with her parents. *See Garcia v. Holder*, 621 F.3d 906, 912–13 (9th Cir. 2010).

**DENIED.**